FILED by ___ TM ___ D.C.
ELECTRONIC

**Jun 7, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
# 12-80107-CR-MARRA/HOPKINS

CASE NO. _____

18 U.S.C. § 1349

UNITED STATES OF AMERICA

v.

**OBELIO RODRIGUEZ, a/k/a "Ovy,"**
**and MARIA MOLINA, a/k/a "Cary,"**

    **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      OVY Rehabilitation Medical Center, Inc. ("OVY") was a clinic located at 2393 S. Congress Avenue, Suite 200, West Palm Beach, Florida, in Palm Beach County, in the Southern District of Florida, that purported to offer chiropractic and massage therapy for persons who suffered injuries in automobile accidents.

2.      HHR Rehab Medical Center, Inc. ("HHR") was a clinic located at 2393 S. Congress Avenue, Suite 200, West Palm Beach, Florida, in Palm Beach County, in the Southern District of Florida, that purported to offer chiropractic and massage therapy for persons who suffered injuries in automobile accidents.

3.      Defendants OBELIO RODRIGUEZ, a/k/a "Ovy," and MARIA MOLINA, a/k/a "Cary," were not licensed chiropractic physicians.

4.     Florida was a "no-fault" insurance state, which required every driver to maintain insurance.  Under the "Florida Motor Vehicle No-Fault Law," Fl. Stat. §§ 627.730-627.7405, by requiring all drivers to maintain insurance, persons who were injured had recourse to "medical, surgical, funeral, and disability insurance benefits without regard to fault, . . . and, with respect to motor vehicle accidents, a limitation [is imposed] on the right to claim damages for pain, suffering, mental anguish, and inconvenience."  Fl. Stat. § 627.731.  The required insurance had to include personal injury protection ("PIP") to the named insured, relatives residing in the same household, persons operating the insured vehicle, passengers in the vehicle, and other persons struck by the vehicle who suffered bodily injury while not occupants of another vehicle to a limit of $10,000 for each such person as a result of bodily injury, sickness, disease, or death.  Fl. Stat. § 627.736(1).

5.     Under Florida law, the insurance provider was required to pay PIP benefits of up to $10,000 each for"accidental bodily injury" sustained by the vehicle owner and all occupants of the vehicle due to the accident.  Fl. Stat. § 627.736(4)(e).  The majority of those PIP benefits were paid for medical benefits that, by law, were required to cover "[e]ighty percent of all reasonable expenses for medically necessary medical, surgical, x-ray, dental, and rehabilitative services . . . that are lawfully provided, supervised, ordered, or prescribed" by a licensed physician, licensed dentist, or licensed chiropractic physician, or that are provided by certain other approved providers, including entities wholly-owned by licensed chiropractic physicians.  Fl. Stat. § 627.736(1)(a).  Except in limited instances, Florida law further required that insurers pay these PIP benefits within 30 days of receipt of the claim.  If an insurer failed to do so, the insurer was required to pay interest on the claim.  Fl. Stat. § 627.736(4)(b), (d).

6.     Allied Property & Casualty was an Iowa insurance company that offered automobile

-2-

insurance in Florida, including PIP coverage.

7.     Allstate Insurance Company was an Illinois insurance company that offered automobile insurance in Florida, including PIP coverage.

8.     AssuranceAmerica Corporation was a South Carolina insurance company that offered automobile insurance in Florida, including PIP coverage.

9.     Castlepoint of Florida Insurance was a Florida insurance company that offered automobile insurance in Florida, including PIP coverage.

10.    Corvel Corporation was a California insurance company that offered automobile insurance in Florida, including PIP coverage.

11.    Direct General Insurance Co. was an Indiana insurance company that offered automobile insurance in Florida, including PIP coverage.

12.    eSurance was a Wisconsin insurance company that offered automobile insurance in Florida, including PIP coverage.

13.    GEICO, also d/b/a "Government Employees Insurance Company" was a Maryland insurance company that offered automobile insurance in Florida, including PIP coverage.

14.    GMAC Insurance was a Missouri insurance company that offered automobile insurance in Florida, including PIP coverage.

15.    Hallmark Insurance Company was an Arizona insurance company that offered automobile insurance in Florida, including PIP coverage.

16.    Infinity Insurance Company was an Indiana insurance company that offered automobile insurance in Florida, including PIP coverage.

17.    Infinity Indemnity was an Indiana insurance company that offered automobile

-3-

insurance in Florida, including PIP coverage.

18.     Mapfre Insurance was a Massachusetts insurance company that offered automobile insurance in Florida, including PIP coverage.

19.     Mendota Insurance Company was a Minnesota insurance company that offered automobile insurance in Florida, including PIP coverage.

20.     Mercury Insurance Group was a California corporation that wholly-owned several California and Florida insurance companies that offered automobile insurance in Florida, including PIP coverage.

21.     MGA was a Florida insurance company that offered automobile insurance in Florida, including PIP coverage.

22.     Ocean Harbor Casualty Insurance was a Florida insurance company that offered automobile insurance in Florida, including PIP coverage.

23.     Peak Property & Casualty was a Wisconsin insurance company that offered automobile insurance in Florida, including PIP coverage.

24.     Progressive American Insurance Company was an Ohio insurance company that offered automobile insurance in Florida, including PIP coverage.

25.     Safeco Insurance was a Washington insurance company that offered automobile insurance in Florida, including PIP coverage.

26.     Seminole Casualty Insurance was a Florida insurance company that offered automobile insurance in Florida, including PIP coverage.

27.     State Farm Mutual Automobile Insurance Company was an Illinois insurance company that offered automobile insurance in Florida, including PIP coverage.

## COUNT 1
### Conspiracy to Commit Mail Fraud

28.    Paragraphs 1 through 27 of the "General Allegations" section of this Indictment are re-alleged and incorporated herein.

29.    From at least as early as November 6, 2009, the exact date being unknown, through on or about March 28, 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**OBELIO RODRIGUEZ, a/k/a "Ovy,"**
**and**
**MARIA MOLINA, a/k/a "Cary,"**

did knowingly and willfully combine, conspire, confederate, agree, and reach a tacit understanding with each other and and with others known and unknown to the Grand Jury to commit the offense of mail fraud, in violation of Title 18, United States Code, Section 1341.

### OBJECT OF THE CONSPIRACY

30.    It was the object of the conspiracy for the defendants to unlawfully enrich themselves by submitting fraudulent PIP claims for chiropractic and massage therapy treatments for individuals who had participated in staged automobile accidents.

### MANNER AND MEANS OF THE CONSPIRACY

31.    The manner and means by which the defendants sought to accomplish the object of the conspiracy included, among other things, the following:

(a)    Defendants OBELIO RODRIGUEZ, a/k/a "Ovy," and MARIA MOLINA, a/k/a "Cary," and persons known and unknown to the Grand Jury would solicit licensed chiropractic physicians to serve as named owners of chiropractic clinics, although the defendants would maintain

financial control of the businesses.

(b)      Defendant OBELIO RODRIGUEZ, a/k/a "Ovy," and persons known and unknown to the Grand Jury would recruit individuals to participate in staged automobile accidents, and would instruct participants on how to conduct accidents, what to tell responding police officers, how to collect police reports, and what clinic to go to for treatment, even though the participants did not need treatment.

(c)      Defendant MARIA MOLINA, a/k/a "Cary," and persons known and unknown to the Grand Jury prepared fraudulent insurance documentation for chiropractic and massage therapy treatments for the staged accident participants, that is, the documentation falsely stated that the treatments were medically necessary and the patients had received the treatments when, in truth and in fact, the treatments were not necessary and, in most instances, were never received.

(d)      Defendants OBELIO RODRIGUEZ, a/k/a "Ovy," and MARIA MOLINA, a/k/a "Cary," and persons known and unknown to the Grand Jury prepared fraudulent PIP Automobile Insurance Claims, that is, the claims falsely stated that the charges had been incurred for massage therapy and chiropractic therapy treatments that were medically necessary and that the patients had received when, in truth and in fact, the staged accident participants neither needed nor, in most instances, received the claimed treatments, and the defendants and their co-conspirators submitted these claims to various automobile insurance companies via the United States Mail.

(e)      Defendants OBELIO RODRIGUEZ, a/k/a "Ovy," and MARIA MOLINA, a/k/a "Cary," and persons known and unknown to the Grand Jury instructed the staged accident participants on what to say to insurance company representatives and independent medical examination ("IME") physicians to make it appear as though the staged accident participants had

actually needed and received therapy treatments when, in truth and in fact, they had not.

        (f)    Upon receiving the reimbursements from the automobile insurance companies via the United States Mail, defendants OBELIO RODRIGUEZ, a/k/a "Ovy," and MARIA MOLINA, a/k/a "Cary," and persons known and unknown to the Grand Jury would deposit the checks into bank accounts controlled by them and persons known and unknown to the Grand Jury, and then withdraw the proceeds in cash or travelers checks, which would be used to pay the recruiters and staged accident participants, and to enrich themselves.

        All in violation of Title 18, United States Code, Section 1349.

                A TRUE BILL

                FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

OBELIO RODRIGUEZ, a/k/a "Ovy,"
and MARIA MOLINA, a/k/a "Cary,"

                    Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division**: (Select One)

New Defendant(s)           Yes _____   No _____
Number of New Defendants        _____
Total number of counts          _____

____ Miami   ____ Key West
____ FTL   _X_ WPB   ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)     Yes
    List language and/or dialect    Spanish

4.  This case will take    _15_   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check one only)                          (Check only one)

    I    0 to 5 days        _____          Petty      _____
    II   6 to 10 days       _____          Minor
    III  11 to 20 days      __X__            Misdem.    _____
    IV   21 to 60 days      _____          Felony     __X__
    V    61 days and over   _____

6.  Has this case been previously filed in this District Court? (Yes or No)   _No_
    If yes:
    Judge: _____      Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?        (Yes or No)   _No_
    If yes:
    Magistrate Case No.                    N/A
    Related Miscellaneous numbers:         N/A
    Defendant(s) in federal custody as of  N/A
    Defendant(s) in state custody as of    N/A
    Rule 20 from the    _N/A_        District of _____

    Is this a potential death penalty case? (Yes or No)    _No_

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes   _X_ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes   _X_ No

_____
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0018255

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:   Obelio Rodriguez, a/k/a "Ovy,"

Case No.:_____

Count 1:

_____ 18 U.S.C. § 1349 _____

_____ Conspiracy to commit mail fraud _____

*Max. Penalty: 20 Years' Imprisonment; 3 years' Supervised Release; $250,000 Fine

Count:

_____

*Max. Penalty:

Count:

_____

*Max. Penalty:

Count:

_____

*Max. Penalty:

Count:

_____

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   Maria Molina, a/k/a "Cary"

Case No.:_____

Count 1:

18 U.S.C. § 1349

Conspiracy to commit mail fraud

*Max. Penalty: 20 Years' Imprisonment; 3 years' Supervised Release; $250,000 Fine

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96